UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

JOSEPH PERALTA, on behalf of
himself and others similarly situated,

Plaintiff,

v.

ALL COUNTY TOILETS, INC.,
a Florida Profit Corporation,

Defendant.
_________________________________/

CASE NO.: 0:26-cv-61434-AHS

**JURY DEMAND**

**AMENDED COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JOSEPH PERALTA ("Plaintiff" or "PERALTA"), on behalf of himself and on behalf of others similarly situated, by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 15(a)(1)(B), files this Amended Collective Action Complaint and Demand for Jury Trial against Defendant, ALL COUNTY TOILETS, INC. ("Defendant" or "All County"), and states:

**NATURE OF CASE**

1. This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff, individually, and on behalf of others similarly situated, known and unknown, to recover unpaid overtime compensation, an additional amount as liquidated damages, and reasonable attorney's fees and costs arising from Defendant's willful violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §201, *et seq*. (hereinafter referred to as the "FLSA").

**JURISDICTION & VENUE**

2. Jurisdiction in this Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's FLSA claims raise a federal question under 29 U.S.C. §201, *et seq*.

3. Additionally, the Court has jurisdiction over Plaintiff's FLSA collective action claims

under 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant ALL COUNTY TOILETS, INC. is headquartered in this District and a significant portion of the claims accrued in this District.

5. The Court has personal jurisdiction over Defendant because Defendant is/was incorporated in Broward County, Florida and maintains its principal office in Broward County, Florida.

## PARTIES

6. Plaintiff JOSEPH PERALTA is a natural person, who at all relevant times resided in Broward County, Florida. Plaintiff PERALTA's written consent to join this action is attached hereto as **Exhibit A**.

7. PERALTA worked for Defendant from around May 2025 through February 2026, with a gap in his employment from approximately August 10, 2025 through October 10, 2025.

8. PERALTA was, at all relevant times, an employee of All County.

9. Throughout his employment, PERALTA was a non-exempt portable toilet technician ("Technician"), paid a predetermined amount based on the number of routes/shifts he completed each week, without regard for the number of hours he worked in any given workweek.

10. PERALTA represents a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> ***All current or former Technician employees of All County who worked for All County in Florida at any time, during the three (3) years preceding the filing of the initial Complaint until the date of entry of judgment in this case, who elect to file a consent to join in this case.***

11. Defendant ALL COUNTY TOILETS, INC. is a Florida profit corporation.

12. All County is headquartered in this District.

13. At all times relevant hereto, All County employs technicians who deliver, install, and service portable toilets (or porta potties) and/or temporary fences for All County's customers throughout the State of Florida.[1]

14. At all times relevant hereto, All County assigned Plaintiff and other similarly situated Technicians to deliver, pick-up, install, clean, and restock All County's portable toilets and/or fencing to its customers throughout the State of Florida.

## FLSA COVERAGE

15. At all relevant times, All County was Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. At all relevant times, All County was and is an "employer" of the FLSA Collective members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all relevant times, All County was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. During at least the last three years, All County has had gross annual sales/revenues in excess of $500,000.

19. At all relevant times, All County was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

20. During the relevant period of this action, All County had at least two (2) or more employees, including PERALTA, who are/were engaged in commerce or in the production of

[1] All County's website lists 30 Counties throughout East, West, and Central Florida in which it operates. *See* https://www.allcountytoilets.com/ (last visited July 13, 2026).

goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

21. The goods and materials handled, sold, or otherwise worked on by PERALTA, and other similarly situated employees of All County, which have been moved in interstate commerce include, but are not limited to, telephones, portable toilets, fencing materials, vehicles, computers, and tools and equipment used for installation and maintenance services.

## STATEMENT OF FACTS

22. Defendant employs individuals who deliver, install, and service portable toilets and/or temporary fences for its customers throughout the State of Florida.

23. At all times relevant hereto, Plaintiff worked for Defendant as a non-exempt Technician from May 2025 through February 2026.

24. At all times relevant hereto, Plaintiff provided delivery, installation, maintenance, cleaning, restocking, and other services for Defendant's customers' portable toilet rentals.

25. At all times relevant to the claim, Plaintiff was compensated with a predetermined amount based on the number of routes/shifts completed each week, without regard for the number of hours he worked each workweek.

26. During the relevant period of this action, through the end of Plaintiff's employment, to the extent Defendant paid Plaintiff, it did so at a rate of $200 per completed route/shift, irrespective of his number of hours worked each week, including his hours worked over forty (40) hours in a given workweek.

27. At all times relevant to the claim, Plaintiff routinely worked in excess of forty (40) hours in most workweeks during his employment.

28. At all times relevant to the claim, Defendant was on notice of and/or knew about all of Plaintiff's hours worked, including all hours worked over forty (40) in a workweek.

29. However, Defendant failed to compensate Plaintiff, and all similarly situated non-exempt Technicians paid a piece rate based on the number of completed routes/shifts, at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a single workweek.

30. Plaintiff should have been, and is entitled to be, compensated at a rate of one and one-half times Plaintiff's regular rate of pay for those hours that Plaintiff worked in excess of forty (40) hours in a workweek, as required by the FLSA.

31. Defendant knew or reasonably should have known that, under the FLSA, it was required to pay its non-exempt Technicians a rate of at least one and one-half times their regular rate of pay for all overtime hours worked, but consistently failed to do so.

32. Instead, Defendant paid Plaintiff and its other similarly situated, Technicians a predetermined rate per completed route/shift, without regard for their number of hours worked each week, including all hours worked over forty (40) in a workweek, and failed to pay such individuals additional overtime premiums for all their hours worked over forty (40) hours in a single workweek, in violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of himself and on behalf of:

> **All current or former Technician employees of All County who worked for All County in Florida at any time, during the three (3) years preceding the filing of the initial Complaint until the date of entry of judgment in this case, who elect to file a consent to join in this case.**

(hereinafter the "FLSA Collective"). Plaintiff reserves the right to amend this definition as needed.

34. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and others similarly situated for their overtime hours worked.

35. Consistent with Defendant's policies and practices, Plaintiff and the proposed FLSA Collective were not paid for all overtime compensation premiums when they worked beyond forty (40) hours in a workweek.

36. Defendant was aware of all work which Plaintiff and the FLSA Collective members performed, including all hours worked in excess of forty (40) in a single workweek.

37. As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the overtime provisions of the FLSA with respect to Plaintiff and the members of the FLSA Collective. Defendant's policy and/or practice violated Title 29 U.S.C. § 207 in that:

a. Plaintiff and members of the FLSA Collective routinely worked in excess of forty (40) hours during the relevant period of this action;

b. At all times relevant, Defendant had knowledge of all hours which Plaintiff and members of the FLSA Collective worked, including all hours worked in excess of forty (40); and

c. Despite having knowledge of all hours which Plaintiff and FLSA Collective members worked during their employments, Defendant failed to pay, and/or made no provisions to pay, Plaintiff and other FLSA Collective members their proper overtime compensation at the statutory rate of one and one-half times their regular rate of pay for all those hours worked in excess of forty (40) hours per workweek, as required by the FLSA.

38. Defendant is aware, or should have been aware, that federal law requires them to pay Plaintiff and the proposed FLSA Collective members an overtime premium for all hours worked in excess of forty (40) per workweek.

39. A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful practices, policy, or plan; and (d) their claims are based upon the same factual and legal theories.

40. The legal issues and employment relationships between Defendant and every proposed FLSA Collective member are the same and differ only by name, location, number of overtime hours, and regular rate of pay.

41. There are likely many similarly situated current and former Technicians who have been underpaid as a result of Defendant's pay policy and/or practice who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join.

42. Plaintiff estimates that the FLSA Collective likely includes dozens of current and former Technicians who worked in excess of forty (40) hours in one or more workweeks, were paid a predetermined piece rate based on the number of completed routes/shifts each week, and were denied overtime premiums during their employment with All County.

43. The precise number of FLSA Collective members should be readily available from a review of Defendant's records.

44. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices:

a. case law;

b. the FLSA, 29 U.S.C. § 201, *et seq.*;

c. Department of Labor Wage & Hour Opinion Letters; or

d. the Code of Federal Regulations.

45. During the relevant period of this action, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their work at a rate at least equal to time-and-one-half their regular rate of pay for all hours worked in excess of 40 hours in a work week.

46. Defendant's failure and/or refusal to properly compensate Plaintiff, and other similarly situated FLSA Collective members, at the rates and amounts required by the FLSA were knowing and willful and/or demonstrated reckless disregard for their rights under the FLSA.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207**
**OVERTIME COMPENSATION**

47. Plaintiff realleges and reincorporates paragraphs 1 - 46 as if fully set forth herein.

48. At all times relevant to this action, Defendant was subject to the mandates of the FLSA, 29 U.S.C. § 201, *et seq*.

49. At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

50. Plaintiff and other FLSA Collective members, by virtue of their job duties and activities actually performed, are all non-exempt employees.

51. Plaintiff either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

52. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff and all similarly situated current and former employees to work and thus "employed" them within the

meaning of 29 U.S.C. § 203(g) of the FLSA.

53. During the relevant period of this action, Plaintiff and FLSA Collective members worked in excess of forty (40) hours in one or more workweeks for which they are/were not properly compensated at least at a rate of one and one-half times their regular rate of pay for all such overtime hours worked.

54. Plaintiff and FLSA Collective members are/were entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours in a workweek during their employment with Defendant.

55. Defendant knew, or should have known, that it was/is required to pay statutorily mandated overtime premiums for Plaintiff's and other similarly situated Technicians' overtime hours worked, but failed to do so in violation of the FLSA.

56. Defendant's actions were willful and/or showed reckless disregard for the overtime provisions of the FLSA, as evidenced by its failure to compensate Plaintiff and others similarly situated at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours per workweek.

57. Defendant could have accounted for and properly compensated Plaintiff and the proposed FLSA Collective members for all overtime hours worked, but it did not.

58. Defendant has also failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

59. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff and FLSA Collective members suffered, and continue to suffer, damages and lost compensation for all hours worked over forty (40) in a workweek throughout the relevant period of this action.

60. Accordingly, pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff and FLSA Collective

members are entitled to all unpaid overtime compensation, an additional equal amount as liquidated damages, and an award of reasonable attorneys' fees and costs.

61. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, on behalf of himself and other similarly situated FLSA Collective members, respectfully requests the following relief:

a. An Order conditionally certifying this case as a collective action on behalf of FLSA Collective members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), appraising FLSA Collective members of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join, and appointing Plaintiff and his counsel to represent the FLSA Collective members;

b. An Order declaring Defendant's violations of the FLSA were willful;

c. An Order granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective the full amount of overtime compensation due for all hours worked in excess of forty (40) hours per workweek during the relevant period of this action;

d. An Order awarding Plaintiff and the FLSA Collective liquidated damages in an amount equal to the overtime award;

e. Awarding Plaintiff pre-judgment and/or post-judgment interest;

f. An award of costs and expenses of this action together with reasonable attorney's and expert fees; and

g. Ordering any other further relief the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Dated: July 13, 2026

Respectfully Submitted,

***/s/ Corey L. Seldin***
Corey L. Seldin, Esq.
Florida Bar No.: 1026565
Morgan & Morgan, P.A.
8151 Peters Road., Suite 4000
Plantation, FL 33324
Telephone: (954) 807-7765
Facsimile: (954) 807-7786
Email: cseldin@forthepeople.com
***Counsel for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 13th day of July 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ *Corey L. Seldin*
Corey L. Seldin